**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

NATHANIEL J. KELLOGG, )
)
Plaintiff, )
)
v. ) Case No. 2:23-cv-04125-RK
)
COMMISSIONER, SOCIAL SECURITY )
ADMINISTRATION, )
)
Defendant. )

## ORDER

Before the Court is Plaintiff Nathaniel J. Kellogg's appeal brought under 42 U.S.C. § 405(g), seeking review of Defendant Commissioner of Social Security Administration's denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). After careful consideration and for the reasons explained below, the Court **ORDERS** that the ALJ's decision is **AFFIRMED**.

### Background and Procedural Posture

Plaintiff filed an application under Title XVI of the Social Security Act for supplemental security income on August 18, 2020. (Tr. at 11.) After Plaintiff's application was denied at both the initial and reconsideration levels, Plaintiff requested a hearing before an ALJ. Following a hearing, (Tr. at 59-99), the ALJ issued an unfavorable decision denying Plaintiff's application for social security benefits, (Tr. at 8-25). The Appeals Council denied Plaintiff's subsequent request for review, (Tr. at 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff accordingly seeks judicial review of the ALJ's unfavorable decision denying his application for supplemental security income under the Social Security Act.

On June 19, 2023, Plaintiff filed a motion for leave to proceed *in forma pauperis* in this Court, (Doc. 1), which was granted, (Doc. 2). Plaintiff filed his Social Security complaint the next day. (Doc. 3.) Then, on October 17, 2023, Defendant filed an Answer and the Administrative Record. (Doc. 8.) Thereafter, Plaintiff filed eight unopposed motions for extension of time to file Plaintiff's Social Security brief, each of which the Court granted. (Docs. 9-24.) After granting the eighth extension, the Court closed the case pending completion of briefing. (Doc. 25.) Plaintiff filed his Social Security brief on July 23, 2024, (Doc. 27), and after a single extension request was

granted, Defendant filed its Social Security brief on August 6, 2024, (Doc. 29). Plaintiff has not filed a reply brief, and the time to do so has expired. The Court accordingly considers Plaintiff's Social Security appeal ripe for consideration and ruling, and the case has been reopened. (Doc. 30.)

**Standard of Review**

The Court's review of the ALJ's decision to deny Plaintiff's application for benefits under the Social Security Act is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ]'s conclusion.'" *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966).

**Discussion**

**I. ALJ's Decision**

In the ALJ's decision, the ALJ conducted the required five-step sequential evaluation. *See* 20 C.F.R. § 416.920. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date, August 18, 2020. (Tr. at 13.) At Step Two, the ALJ found that Plaintiff had a number of severe impairments including bipolar disorder, anxiety disorder, and depressive disorder. (*Id.*) At Step Three, the ALJ concluded that none of Plaintiff's impairments individually or collectively met or medically equaled a Listed Impairment. (Tr. at 15.)

At Step Four, the ALJ determined Plaintiff's residual functional capacity ("RFC"), which is the "most [Plaintiff] can do" despite any "physical and mental limitations that affect what [he] can do in a work setting." 20 C.F.R. § 416.945(a)(1). As to Plaintiff's mental RFC, the ALJ concluded as follows:

> The [Plaintiff] is able to understand, remember, and carry out simple instructions consistent with unskilled work. The [Plaintiff] can perform only simple decision-making related to basic work functions. The [Plaintiff] can tolerate only minor,

infrequent changes within the workplace, and when there are changes, they are predictable and introduced gradually.

(Tr. at 17-18.)  The ALJ then concluded that Plaintiff has no past relevant work experience.  (Tr. at 24.)

At Step Five, the ALJ considered—given Plaintiff's RFC, age, education, and work experience—whether Plaintiff could make an adjustment to other work and whether any other work that Plaintiff can adjust to exists in significant numbers in the national economy.  *See* 20 C.F.R. § 416.960, *et seq.*; *id.* § 416.966 ("Work exists in the national economy when there is a significant number of jobs . . . having requirements which you are able to meet with your physical or mental abilities and vocational qualifications.").  At the hearing before the ALJ, a vocational expert ("VE") testified to jobs in the national economy that Plaintiff could perform based on his RFC and other factors.  (Tr. 91-96.)  These jobs include final assembler (229,240 jobs nationally); routing clerk (74,000 jobs nationally); folding machine operator (119,000 jobs nationally); and cafeteria attendant (73,000 jobs nationally).  (Tr. at 92, 96.)  The ALJ relied on the VE's testimony in the unfavorable decision, listing these four jobs and concluding that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (Tr. at 24-25.)

Accordingly, the ALJ concluded that Plaintiff was not under a disability from the application date and denied Plaintiff's application for social security benefits.  (Tr. at 25.)

## II.   Conflict with the Dictionary of Occupational Titles

Plaintiff argues that reversal of the ALJ's unfavorable decision is warranted because the ALJ erred at Step Five by not resolving a conflict between the Dictionary of Occupational Titles ("DOT") and the VE's testimony.  Specifically, Plaintiff argues that three of the four jobs the VE identified that Plaintiff could perform—routing clerk, folding machine operator, and cafeteria attendant—require a reasoning level 2, whereas Plaintiff's mental RFC limits him to "simple instructions" and "simple decision-making."  Defendant argues that there is no conflict between the DOT and the VE's testimony.

Pursuant to Social Security Ruling 00-4p, "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled."  SSR 00-4p, 2000 WL 1898704, at *2 (2000).  Plaintiff argues that a job with a reasoning level 2 would require more than the mental capacity to follow simple

3

instructions, and that the ALJ did not resolve this conflict. However, the Court concludes that the VE's testimony does not conflict with the DOT.

A job reasoning level 1 requires the employee to "[a]pply commonsense understanding to carry out simple one- or two-step instructions." *See* DOT No. 713.687-018, 1991 WL 679271 (final assembler). A job reasoning level 2 requires the employee to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *See* DOT No. 222.687-002, 1991 WL 672133 (routing clerk). Plaintiff relies on *Lucy v. Chater*, 113 F.3d 905 (8th Cir. 1997), to argue that a job with a reasoning level 2 would "require more than the mental capacity to follow simple instructions." *Id.* at 909. However, *Lucy* did not concern a conflict between the DOT and a VE's testimony. Instead, the court reversed the ALJ's decision because the record indicated that Lucy had borderline intelligence and the ALJ did not include any corresponding limitations in the RFC for this diagnosis. *Id.* at 908. The court in *Lucy* never expressly answered the question of whether a conflict existed between simple work and reasoning level 2. Moreover, the Eighth Circuit has recognized as dicta the suggestion in *Lucy* that there may be a conflict between the ability to understand and carry out simple instructions and the ability to understand and carry out detailed instructions. *See Galloway v. Kijakazi*, 46 F.4th 686, 690 (8th Cir. 2022).

In *Moore v. Astrue*, 623 F.3d 599 (8th Cir. 2010), the Eighth Circuit has found that there is "no direct conflict between 'carrying out simple job instructions' for 'simple, routine and repetitive work activity,' . . . and [a] vocational expert's identification of occupations involving instructions that, while potentially detailed, are not complicated or intricate." *Id.* at 604. In *Moore*, the ALJ provided the VE with a hypothetical limiting Moore to "simple" job instructions. *Id.* The court noted that the ALJ *did not* limit Moore to "simple *one- or two-step* instructions"[1] or indicate that Moore "could perform only occupations at a DOT Level 1 reasoning level." *Id.* Thus, the ALJ did not err in relying on the VE's testimony, which identified jobs with a reasoning level 2 as jobs Moore—who was limited to simple instructions—could perform. *Id.* The same is so here, where the ALJ limited Plaintiff to "simple instructions," but not to simple one- or two-step instructions or DOT occupations with reasoning level 1. Thus, there is no conflict between the DOT and the VE's testimony that Plaintiff can perform jobs with reasoning level 2.

---

[1] Reasoning level 1 limits the applicant to one- or two-step instructions. The Eighth Circuit in *Moore* noted a difference between one- or two-step instructions and "simple instructions" more generally.

4

### III. Substantial Evidence Supports ALJ's Decision Based Solely on Final Assembler Job

Even if there were a conflict between the three jobs identified with a reasoning level 2 and the DOT based on Plaintiff's mental RFC limiting him to simple instructions, the ALJ's decision is otherwise supported by substantial evidence because the fourth job the VE listed has a reasoning level 1 and independently exists in substantial numbers in the national economy. Thus, any error in considering the other three jobs was harmless.

The fourth job the VE identified is final assembler, which has a reasoning level 1. *See* DOT No. 713.687-018, 1991 WL 679271. The VE testified that 229,240 final assembler jobs exist in the national economy. (Tr. at 96.) Thus, the number of jobs available in the national economy for the final assembler position are independently sufficient for the ALJ to conclude that there are a significant number of jobs in the national economy that Plaintiff can perform. *See Weiler v. Apfel*, 179 F.3d 1107, 1110 (8th Cir. 1999) (finding VE's testimony that 32,000 positions exist nationwide is substantial evidence supporting the ALJ's conclusion that there are a significant number of jobs in the economy); *see also Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (finding sufficient 10,000 jobs in the national economy, which were merely representative of a larger category of jobs Johnson could perform). The ALJ relied on the VE's testimony and references the final assembler job in the decision denying benefits. (Tr. at 25.) Accordingly, the Commissioner's Step Five burden to show that there were a significant number of jobs in the national economy which Plaintiff can perform is satisfied, and the decision is supported by substantial evidence.

Any consideration by the ALJ of the other three jobs, if a conflict exists, is harmless error. "It is well settled that harmless error review is applicable to social security administrative appeals." *Andrea M. v. Bisignano*, No. 25-cv-1577 (ECT/LIB), 2026 WL 2034310, at *9 (D. Minn. June 29, 2026) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). "[A] harmless error does not warrant remand." *Id.* (citing *Byes v. Astrue*, 687 F.3d 913, 917-18 (8th Cir. 2012)). "To show an error was not harmless [Plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred." *Byes*, 687 F.3d at 917. Here, Plaintiff does not challenge the ALJ's reliance on the final assembler job, and this job independently exists in significant numbers in the national economy. Thus, Plaintiff has not provided any indication that the ALJ would have decided differently had the ALJ considered only the final assembler job.

5

**Conclusion**

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that the ALJ's decision is **AFFIRMED**.

    **IT IS SO ORDERED**.


        s/ Roseann A. Ketchmark
        ROSEANN A. KETCHMARK, JUDGE
        UNITED STATES DISTRICT COURT

DATED: August 12, 2026